JUAN GÜIBAS ACEVEDO, Appellant, *v.* THE REGISTRAR OF
PROPERTY OF RÍO PIEDRAS, Respondent.

No. O-68-275.        Decided February 11, 1970.

564

*José López del Valle* for appellant. The respondent Registrar appeared by brief.

Mr. Justice Blanco Lugo delivered the opinion of the Court.

According to the thirteenth entry in the registry of property No. 4752 of Río Piedras—a lot of one hundred square meters and a building on Capetillo Street—performed on May 23, 1966, upon the death of Carmen Muñoz widow of Rosario the property was recorded "by way of legacy . . . in favor of Rosa Rosario Muñoz, as to a third portion, in favor of Zenón Rosario Muñoz, as to another third portion, and the remaining third portion *for the construction of a room for the treatment of poor patients.*" (Italics ours.) The testamentary provision which brought about this recording ordered that "the house of her property where she lives with the value it may have upon her death, that is when her death occurs, be separated from the portion of free disposal and that a third portion be allotted to her daughter Rosa, another third portion to her son Zenón, *and the remaining third portion for the construction of a room for the treatment of poor patients beyond the urban boundaries with the income derived from the third portion of said property.*" (Italics ours.) The interested parties consented to this recording.

When the operations of the partition of the hereditary estate were performed by the testatrix the value of the property was fixed at nine thousand dollars. Within the assets subject to partition there was a credit of three thousand dollars against the heiress Rosa Rosario Muñoz, it being

agreed by the interested parties that "since, the amount of said debt is equal to the third portion of the house which the testatrix recommended to be destined for the construction of a room for the treatment of poor patients beyond the urban boundaries, said amount shall be destined to fulfill the will of the said predecessor since the value of the debt and the third portion of the house are equal." Immediately after an account is given of the investment of the aforesaid amount of three thousand dollars for the construction of a room for the treatment of poor patients annexed to a clinic established by the Sociedad Agrícola Buena Vista, Inc., which is a nonprofit entity organized by the members of the Seventh-Day Adventists to which the testatrix belonged. After performing several deductions agreed to by the heirs the property was allotted in a proportion of seven-ninths for the surviving seven children of the testatrix, and two-ninths for some grandchildren, in representation of two predeceased children.

The following complementary documents were attached to the certified copy of the deed of partition and adjudication of the estate: 1) a certificate issued by the Department of State acknowledging that the Sociedad Agrícola Buena Vista, Inc., is a nonprofit corporation organized on January 14, 1965; and, 2) a certificate authenticated by a notary, signed by Tomasita Maldonado Laboy, in her character as Secretary of said corporation, stating that the aforementioned entity is engaged in preaching and spreading the Adventist's message, and in charity work; that it has a clinic in the Buena Vista Ward of Las Marías and that the Board of Directors authorized Rosa Rosario widow of Rodríguez to build a room for the treatment of poor patients close to the clinic, in the construction of which three thousand dollars was spent.

The Registrar of Property refused partially the requested recording entering a note of denial which reads:

"Recorded only in regard to 2/3 of the property; in regard to 1/3 the recording has been denied for it has been noticed that

said third portion of this property appears recorded for the construction of a room for the treatment of poor patients, without it having been conveyed in any manner in favor of the parties hereto. . . ."

The deed, through which the children and grandchildren to whom the property was adjudicated sold the entire property to appellant Juan Güibas Acevedo, was refused on similar grounds.

Appeal was taken from both notes of refusal.

■ We agree with appellant in that the testamentary provision for the construction of the room for the treatment of poor patients can be handled as a legacy of a specific amount and not of an undivided portion of the property, as it is inferred from the text of the testamentary provision when it makes reference to "with the income derived from the third portion of said property." Díaz Cruz, Jr., says in *Los Legados* 132 (Reus Ed., 1951) that "The fact that the legacy is ordered to be paid with a specific property, to the extent of its value, does not eliminate the concept of legacy of quantity to the amount bequeathed by the testator." See, Judgment of the Supreme Court of Spain of July 6, 1903, 96 *Jurisp. Civ.* 39, 49. We are simply dealing with a legacy of undetermined quantity wherein a previous liquidation is necessary in order to fix its amount. In discussing the procedure to follow to fulfill the legacies in favor of the poor, Scaevola[1] accepts this view when he says that "The executors or the person appointed by the testator shall sell the property and distribute the proceeds; assuming that, although the Code does not clarify it, his idea could not have been the distribution of the same property of the estate." Considerations of a practical nature must favor this solution which is also the most consistent with the purpose underlying the institution, which is

[1] XIII *Código Civil* 302 (5th ed. 1943).

none other than to offer immediate assistance to the helpless and the needy.

■ Appellant argues that pursuant to § 726 of the Civil Code, 31 L.P.R.A. § 2338, the statement of the object of the legacy or the application to be given to what has been left by the testator shall not be considered as a condition, and therefore, what has been left in this manner may be immediately claimed. This provision is not applicable because the testamentary provision lacks an assumption of a modal designation, for, by virtue thereof, no real or personal obligation or the fulfillment of an encumbrance is imposed upon the designated heirs or the appointed legatees. V Bonet Ramón, *Compendio de Derecho Civil* 297 (1965). It is rather a provision whose compliance falls upon the appointed executor.[2]

■ It can be accepted that the registrar who passed upon the document erred in considering the testamentary provision as a legacy of the third portion of the property. However, the recording performed brought about a state of law which the present registrar cannot ignore unless it is modified in some way known at law. *Berlingeri* v. *Registrar*, 96 P.R.R. 690 (1968); *Esso Standard Oil Co.* v. *Registrar*, 88 P.R.R. 296 (1963). Because it is an error of construction, Art. 260 of the Mortgage Law, 30 L.P.R.A. § 437,[3] it should

---

[2] Section 824 of the Civil Code, 31 L.P.R.A. § 2521, grants upon the executor the power to "carefully see to the execution of the other provisions of the will."

The Law of Civil Procedure for Cuba and Puerto Rico of 1886 provided a procedure for the adjudication of property to which several persons may be bound without the designation of names. See, II Reus, *Ley de Enjuiciamiento Civil* 1050 *et seq.*; II Guasp, *Derecho Procesal Civil* 1147 *et seq.*; V Manresa, *Comentarios a la Ley de Enjuiciamiento Civil* 210 *et seq.* (7th ed. 1956). But it will not apply to the case at bar since we are not dealing strictly with a provision in favor of the poor in general, but with a provision for the investment in a specific undertaking for the benefit of poor patients.

[3] "It shall be understood that an error of construction has been committed when in setting forth in the record the terms of the deed, *their*

568

be corrected in the manner provided by the preceding Art. 256, 30 L.P.R.A. § 433, that is through the unanimous consent of the interested parties and the registrar, if it were possible, or by means of a judicial order to that effect, *cf. Chase Manhattan Bank* v. *Registrar, ante,* p. 91, or else, if it is considered that the executor is the one called upon to enforce the provision, through the proper steps and by submitting the accounts required by law. Section 829 of the Civil Code, 31 L.P.R.A. § 2526.[4] It is advisable to add that the certificate presented, aside from the fact that it is not the appropriate document to establish facts in the Registry, *cf. Rivera* v. *Registrar,* 73 P.R.R. 669 (1952), *Mari* v. *Registrar,* 72 P.R.R. 830 (1951), is insufficient to set aside the recording in question.

The notes appealed from shall be affirmed.

Mr. Chief Justice Negrón Fernández and Mr. Justice Hernández Matos did not participate herein.

---

*meaning is altered or changed,* without such fault necessarily producing the nullity thereof, in accordance with the provisions of Art. 30."

[4] "The executors shall submit an account of their administration to the heirs.

"Should they have been appointed, not in order to deliver the property to determined heirs, but to invest or distribute the same in the manner ordered by the testator, in the cases allowed by law, they shall submit their accounts to the part of the Superior Court having jurisdiction.

"Any provision of the testator in contravention of this section shall be void."